[No. 18514.   Department Two.   November 18, 1924.]

EDNA M. DEHNHOFF, *as Administratrix of the Estate of Edward Cockle, Deceased, Plaintiff and Respondent,* v. S. E. HEGE *et al., Cross-Complainants and Respondents,* FIRST NATIONAL BANK OF HARRINGTON, *Appellant.*[1]

COVENANTS (6)—DEEDS (8)—EXECUTION (58)—TITLE—BARGAIN AND SALE DEED. Where, in an action against husband and wife on a community debt, a default judgment was entered against the husband only, the sheriff's deed to plaintiff on execution sale does not convey an indefeasible title, in fee simple, within the covenants of a bargain and sale deed, as defined by Rem. Comp. Stat., § 10553.

VENDOR AND PURCHASER (60, 159)—RESCISSION BY PURCHASER—FRAUD—EXECUTED CONTRACT. There is constructive fraud, authorizing the rescission of an executed deal for lands conveyed by a bank, where the bank represented that it had a good title through an execution sale and sheriff's certificate in an action brought against a husband and wife on a community debt, but in which default and judgment was entered against the husband only, the purchaser having been led to believe that the judgment was against both and divested their title.

Cross-appeals from a judgment of the superior court for Spokane county, Lindsley, J., entered July 3, 1923, upon findings in favor of the plaintiff and cross-complainants, in an action on promissory notes, tried to the court. Affirmed.

*Freece & Pettijohn* and *Merritt, Lantry & Baske,* for appellant.

*Tustin & Chandler,* for cross-complainants and respondents.

BRIDGES, J.—The general facts are these: Mrs. Dehnhoff, as administratrix of the estate of Edward Cockle, was the owner of a large tract of land in Lincoln county,

[1]Reported in 230 Pac. 131.

this state, and the First National Bank of Harrington held a sheriff's certificate of sale covering lands in Spokane county. Messrs. Hege & Watkins were real estate men, who had the sale of the Lincoln county land. They were informed by the bank that its Spokane county land was for sale. After considerable negotiations, Hege & Watkins procured the bank to make a proposition to the administratrix that it would purchase her land for a certain consideration, turning in as part of the consideration the Spokane county land and paying the balance in cash. The administratrix refused to entertain this proposition because she did not want the Spokane county land.

After further negotiations, the following oral agreement was made; the administratrix, with the consent of the court, was to deed her property to the bank for a certain consideration and it was to deed the Spokane county land to Hege & Watkins or their order, who agreed to pay the administratrix the sum of $4,000, being the difference between what she was to receive from the bank and the price at which she held her land. Fifteen hundred dollars of this amount was to be paid by Hege & Watkins by waiving a commission of $1,500 which they were to receive from the administratrix for procuring the sale of the land, and the balance of $2,500 they were to pay her within one year. The deed to be executed by the bank to its property was to be held in escrow and not delivered to Hege & Watkins until they had paid the administratrix. These arrangements were carried out by the administratrix deeding her property to the bank and the latter, upon the order of Hege & Watkins, giving a deed to Dora A. Wyrick, who was a sister of Mrs. Watkins. That deed recited that the bank "does hereby grant, bargain, sell convey and forever quitclaim" the Spokane county property.

Hege & Watkins being unable to pay the administratrix within the year, by agreement of all the parties they gave to her their three promissory notes aggregating $2,500, and at the same time received possession of the deed executed by the bank and which had previously been held in escrow. They paid one of their notes but refused to pay the other two, because, as they claimed, they learned at that time that the bank did not have title to the land which it purported to convey. The result was that the administratrix sued Hege & Watkins on their two notes. The bank having been brought in as a defendant, Hege & Watkins alleged as against it the facts outlined above, and also that it did not have title to the land it had conveyed, and that it had represented it had such title and that they relied on such representations, and they sought a rescission of the transaction in so far as it affected them and the bank, depositing into court a quitclaim deed to the Spokane county property and demanding judgment against the bank for $2,500, the amount which they had agreed to pay the administratrix.

There was a judgment for the plaintiff for the amount due on the notes, and also a judgment in favor of Hege & Watkins against the bank for the sum of $2,500 and certain interest, which judgment ordered that the deed to the Spokane county property which had been deposited in court should be delivered to the bank. The latter has appealed.

The trial court found as a fact that the bank had represented to Hege & Watkins that it was the owner of the Spokane county land, whereas it was not such owner, and because thereof Hege & Watkins were entitled to a rescission and judgment for $2,500. As between the bank and Hege & Wakins, who are the principal parties to this appeal, the situation is as though

the bank had deeded its Spokane county property to Hege & Watkins and the latter had paid therefor $2,500, and they were by this action attempting to rescind the sale and recover what they had paid.

But another peculiar circumstance arises. It appears that, when Hege & Watkins learned that the bank did not have title, they requested that it secure the same and it did offer to obtain a sheriff's deed (the year for redemption having expired), but Hege & Watkins refused to accept that proposal, claiming that the sheriff's deed would not help the title. This position on their part was based on the following facts: One Dobson and wife had been the owners of the Spokane county land and the bank had sued them on an alleged community debt. Both defendants were served with process and neither appeared in the action, and for some unaccountable reason default and judgment were taken against only Mr. Dobson and not against Mrs. Dobson. Upon that judgment execution was issued and the property sold to the judgment creditor, the bank, to which a sheriff's certificate of sale was issued.

We think the deed given by the bank was in effect one of bargain and sale, under § 10553, Rem. Comp. Stat. [P. C. § 1925], which gives a form of deed as follows: "The grantor . . . bargain, sell and convey . . . the following described real estate . . . " The same section provides that every deed in substance as above indicated shall convey an estate of inheritance in fee simple and shall be adjudged an express covenant to the grantee that any grantor was seized of an indefeasible estate in fee simple free from encumbrances done or suffered by the grantor.

There is a very serious dispute as to whether the bank originally represented that it was the owner of

the property, it claiming that it had merely represented
that it had a sheriff's certificate of sale, while Hege &
Watkins claim that it represented that it was the
owner. On this question the trial court found with
Hege & Watkins. But even if it should be conceded
that the latter knew that the bank had sold this prop-
erty under a judgment and that it had received a sher-
iff's certificate of sale, but that it had not received a
sheriff's deed, still, under the facts, they were un-
questionably led to believe that the sale had been made
under a judgment against both Dobson and wife and
that by such sale their interest had been divested.
Such being the fact, the bank did not deliver what it
agreed to or what its deed indicated it owned. In other
words, even if the bank had procured the sheriff's
deed, it still had a very defective title, if any. Under
those circumstances, it would not be fair or right that
Hege & Watkins should be required to accept the prop-
erty and sue for damages.

Whether one who has received a deed to real estate
may rescind as a matter of right, or must rely upon the
covenants of his deed and sue for damages, it is not
necessary for us here to determine. If it be conceded
that the rule is that, where a contract has been exe-
cuted by the delivery of instruments of conveyance,
the purchaser may not rescind but must rely upon the
covenants of his deed, yet there is at least one very
general exception to this rule, which was stated by us
in *French v. C. D. & E. Investment Co.,* 114 Wash. 416,
195 Pac. 521, as follows:

"There is, however, one well defined exception to
this rule, and that is that an executed contract may
be rescinded and the amount of the purchase price
recovered by a suit in equity where it is alleged and
proven that fraud entered into the making of the con-
tract."

While there may not have been any actual fraud in this case there was, in our judgment, fraud in law. It was the duty of the bank to inform Hege & Watkins of the condition of their title, and this, according to the finding of the lower court, they failed to do. Under the authorities, such a situation would justify the purchasers in seeking to have a rescission of the contract. It seems to us that it is but fair that, under the circumstances, these parties should be put in *statu quo*, and this is what the trial court did.

Hege & Watkins have cross-appealed as against the judgment entered in favor of the administratrix. Their argument on this branch of the case is very brief and we think without merit. They unquestionably became indebted to the administratrix and she is entitled to recover against them. She had nothing whatever to do with the controversy between the bank and them. The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.